IRVING D. KARPAS and Another, Individually and as Copartners, Trading under the Firm Name and Style of I. D. KARPAS & Co., Respondents, v. NAT BRUSSEL, Having a Place of Business at 133 West Seventeenth Street, New York City, Appellant.

First Department, June 15, 1928.

*Rudolph L. Cherurg* of counsel [*George Cherurg* with him on the brief; *Cherurg & Cherurg*, attorneys], for the appellant.

*Gustavus Leight* of counsel [*Blumberg, Leight & Parker*, attorneys], for the respondents.

PER CURIAM. The action is in replevin and the judgment only identifies the chattels as " the chattels in question." As a judgment in replevin is the warrant of the sheriff for the replevy of the chattels for which the action is brought. the chattels must be adequately described in the judgment in order to protect not only the person against whom the judgment runs but also the sheriff. The judgment appealed from, therefore, cannot stand and there must be a new trial.

Upon the trial the court took away from the jury consideration of the first defense and counterclaim of the defendant upon the ground that there was involved a long account, and at the conclusion of the case sent the same to an official referee. The defendant pleaded that he had performed certain work, labor and services, and furnished certain materials, of the agreed price and reasonable value of $355,958, and that no part had been paid except the sum of $355,362.47, leaving a balance due and owing of $596.48. The account is in evidence as an exhibit. Without more evidence it does not appear upon this record that there are involved other than simple issues which the jury might determine as a part of this litigation, and thus afford to the defendant his right of offset, if any, to the claim of the plaintiff. In the first place, most of the items apparently present only a sum in addition for respective counsel of amounts remaining unpaid on various bills. There are a few items concerning which no details are given, but the most of which seem to fall under the same heading. There is also one item of an extra discount. There is nothing to show, therefore, that the issue raised by this counterclaim involves the examination of a long account, as that term is legalistically understood. (*People* v. *Wood*, 121 N. Y. 522.)

It follows that the judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and O'MALLEY, JJ.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.